IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DENNIS MICHAEL PICKLE,** | : | **PRISONER HABEAS CORPUS** |
| BOP Reg. # 25672-018, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DARLENE DRU, Warden,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | 1:13-CV-2386-TWT-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Dennis Michael Pickle, challenges his 180-month sentence imposed by the United States District Court for the Middle District of Tennessee, Nashville Division, via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the "savings clause" of 28 U.S.C. § 2255(e). [Doc. 1 at 1-3.] Petitioner has paid the $5.00 filing fee. [*See* Dkt. Entry Aug. 22, 2013.]

On September 24, 2013, the Court received Petitioner's notice that he was transferred from the United States Penitentiary in Atlanta, Georgia, to the Federal Correctional Institution in Berlin, New Hampshire. [Doc. 3.] Petitioner's transfer deprives this Court of jurisdiction over the case. "Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the

United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *see also Garcia v. Warden*, 470 Fed. Appx. 735, 736 (11th Cir. Mar. 22, 2012) (holding that "jurisdiction for § 2241 petitions lies only in the district court of confinement") (citing *Rumsfeld*, 542 U.S. at 443, and Fed. R. App. P. 22). Petitioner's current place of confinement is within the jurisdiction of the United States District Court for the District of New Hampshire. The undersigned finds that it is in the interest of justice to transfer this action to that court. *See* 28 U.S.C. § 1404(a).

Accordingly, the undersigned **RECOMMENDS** that this case be **TRANSFERRED** to the United States District Court for the District of New Hampshire.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this   4th   day of October, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE